UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mary H. & Tracy E. Eichhorn-Hicks,

                Plaintiffs,

                                    Civ. No. 11-692 (RHK/TNL)
                                    **ORDER**

v.

Steven T. Keane,

                Defendant.

---

This action arises out of injuries Plaintiff Mary Eichhorn-Hicks suffered on March 21, 2009, while on a boat operated by Defendant Steven Keane. Keane now moves to dismiss for lack of personal jurisdiction. For the reasons set forth below, his Motion will be granted.

The relevant facts are straightforward. Mary Eichhorn-Hicks and her husband, Plaintiff Tracy Eichhorn-Hicks, reside in Minnesota. (Compl. ¶ 1.)[1] Keane resides in Iowa. (Compl. ¶ 2.) He is the brother-in-law of Tracy's brother, Jim Hicks. (Tracy Aff. ¶ 5.)[2]

On March 21, 2009, Mary and Tracy, along with several other family members, were aboard a motorized boat operated by Keane in the Intracoastal Waterway near Sarasota, Florida. (Id. ¶¶ 6-7.) According to the Complaint, Keane operated the boat "at

---

[1] For ease of reference, the Court refers to Mary and Tracy Eichhorn-Hicks by their first names.

[2] When reviewing a motion to dismiss for lack of personal jurisdiction, the Court may consider matters beyond the pleadings, such as Tracy's Affidavit. E.g., Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998).

a high rate of speed" over several waves, which caused it "to violently pitch upward and immediately downward," resulting in Mary being "thrown with great force, severely injuring her." (Compl. ¶¶ 9-10.)

Following the accident, Tracy telephoned Keane from his home in Minnesota to discuss the matter. (Tracy Aff. ¶ 8.) Keane hung up the phone before the conversation ended, but later called Tracy back. (Id. ¶¶ 8-9.) He then e-mailed Tracy a draft release purporting to absolve him of all liability in connection with the incident, in exchange for *inter alia* "partial reimbursement of [Mary's] medical expenses." (Id. ¶¶ 11-12 & Exs. 1-2.) Mary and Tracy declined to sign the release and commenced the instant action.

Keane now moves to dismiss for lack of personal jurisdiction. To survive his Motion, Plaintiffs must make a *prima facie* showing that jurisdiction exists. E.g., Johnson v. Woodcock, 444 F.3d 953, 955 (8th Cir. 2006); Lakin v. Prudential Sec., Inc., 348 F.3d 704, 706 n.3 (8th Cir. 2003). Because the Court has not held an evidentiary hearing, it must view the evidence in the light most favorable to Plaintiffs. E.g., Lakin, 348 F.3d at 706; Digi-Tel Holdings, Inc. v. Pro-Teq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996).[3] To determine whether Plaintiffs have discharged their burden, the Court must ask two questions. First, has Minnesota's long-arm statute been satisfied? Second, would exercising jurisdiction comport with the Due Process Clause of the Fourteenth Amendment? E.g., Guinness Import Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 613 (8th Cir. 1998); Minn. Mining & Mfg. Co. v. Nippon Carbide Indus. Co., 63 F.3d 694, 696-97 (8th Cir. 1995). These two inquiries collapse into one, however,

---

[3] No party has requested an evidentiary hearing.

because Minnesota's long-arm statute extends jurisdiction to the outer limits of the Due Process Clause. E.g., Guinness, 153 F.3d at 614; Soo Line R.R. Co. v. Hawker Siddeley Can., Inc., 950 F.2d 526, 528 (8th Cir. 1991) (citations omitted).

Due process requires that Keane have sufficient "minimum contacts with [Minnesota] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted); accord, e.g., Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 619-20 (1992); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980). "The central question" is whether he "has purposefully availed [him]self of the privilege of conducting activities in [Minnesota] and should, therefore, reasonably anticipate being haled into court [here]." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 562 (8th Cir. 2003) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). There are no "talismanic formulas to personal jurisdiction." Clune v. Alimak AB, 233 F.3d 538, 542 (8th Cir. 2000). Nevertheless, the Eighth Circuit has instructed district courts to consider five factors when determining whether jurisdiction exists: (1) the nature and quality of the defendant's contacts with the forum; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the forum state's interest in providing a forum for the plaintiff; and (5) the convenience of the parties. Pecoraro, 340 F.3d at 562 (citation omitted). The first three factors are of primary importance, while the last two factors are considered secondary. Id.[4]

---

[4] The third factor distinguishes general jurisdiction from specific jurisdiction. See, e.g., Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996); Bell Paper

In the Court's view, the Pecoraro factors do not support the exercise of jurisdiction over Keane here. The nature, quality, and quantity of his contacts with Minnesota are extremely limited. Plaintiffs point to only (1) the two telephone calls between Keane and Tracy in Minnesota and (2) the e-mail (with the attached release) Keane sent to Tracy here. Putting aside that these contacts arose *after* Keane's purported negligence,[5] contacts such as these repeatedly have been held insufficient to establish personal jurisdiction. See, e.g., Johnson, 444 F.3d at 956 ("[C]ontact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause.") (citation omitted); Porter v. Berall, 293 F.3d 1073, 1076 (8th Cir. 2002) (same); Digi-Tel, 89 F.3d at 523 (exchange of "dozens of letters and faxes" between parties insufficient to establish jurisdiction). Simply put, "[t]he use of interstate facilities, such as telephones or mail . . . 'cannot alone provide the "minimum contacts" required by due process.'" Bell

---

Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 819 (8th Cir. 1994). Specific jurisdiction exists over causes of action that arise out of or are related to a defendant's contacts with the forum state. Johnson, 444 F.3d at 956 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984)). General jurisdiction, by contrast, is far broader – it extends to *any* cause of action against a defendant and exists only where the defendant's contacts with the forum "are continuous and systematic." Id. (internal quotation marks and citation omitted). Only specific jurisdiction is alleged here.

[5] Some courts have questioned whether contacts arising after a cause of action has accrued are relevant to a specific-jurisdiction analysis. See, e.g., Harlow v. Children's Hosp., 432 F.3d 50, 61-62 (1st Cir. 2005). The Court need not opine on this issue, however, as even Keane's post-"negligence" contacts do not suffice here.

Paper Box, Inc. v. Trans W. Polymers, Inc., 53 F.3d 920, 923 (8th Cir. 1995) (citation omitted).[6]

Plaintiffs also suggest that jurisdiction is proper because Mary is a Minnesota resident who has received treatment for her injuries here. But the jurisdictional inquiry is concerned with "the defendant's contacts with the forum *state*, not . . . the defendant's contacts with *residents* of the forum." W. Am. Ins. Co. v. Westin, Inc., 337 N.W.2d 676, 679 (Minn. 1983) (emphases added) (citing Hanson v. Denckla, 357 U.S. 235, 250-55 (1958)) (emphasis in original); accord, e.g., Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co., 558 F.2d 450, 455 n.6 (8th Cir. 1977) ("It is a defendant's contacts with the forum state that are of interest in determining if in personam jurisdiction exists, not its contacts with a resident."). "[A]bsent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." Johnson v. Arden, 614 F.3d 785, 797 (8th Cir. 2010); accord, e.g., Hicklin Eng'g, Inc. v. Aidco, Inc., 959 F.2d 738, 739 (8th Cir. 1992) (*per curiam*).

At bottom, the first three Pecoraro factors do not support this Court's exercise of jurisdiction over Keane. And the remaining two "secondary" factors do not change that conclusion. As stated in Kroll Ontrack, Inc. v. Grain, Civ. No. 08-1779, 2008 WL 4561637, at *7 (D. Minn. Oct. 10, 2008) (Frank, J.), "[t]hough Minnesota has an interest in providing a forum for dispute resolution to its residents, the connection between this dispute and Minnesota is relatively tenuous. Further, [Plaintiffs] would find it convenient

---

[6] The Court also notes the reluctance "to use unsuccessful settlement discussions" – such as the e-mail and release – "as 'contacts' for jurisdictional purposes." Digi-Tel, 89 F.3d at 524-25. It need not rely on this basis to conclude that jurisdiction over Keane is lacking, however.

to litigate here, but [Keane] would not and, thus, this factor does not weigh either way in the Court's decision." At best, the final two factors are in equipoise and do not tip the scales in Plaintiffs' favor.

## CONCLUSION

There is simply no evidence that Keane intentionally aimed his conduct (as related in any way to the accident) toward Minnesota or "purposefully availed" himself of the benefit of its laws. Rather, a Minnesota resident happened to be injured while on a boat Keane, an Iowa resident, was operating in Florida. This is the type of "random," "fortuitous," and "attenuated" contact insufficient to establish personal jurisdiction. Burger King, 471 U.S. at 475; accord, e.g., Calder. v. Jones, 465 U.S. 783, 789 (1984) (personal jurisdiction not properly exercised based on effect felt in forum state from "mere untargeted negligence"). Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Keane's Motion to Dismiss (Doc. No. 5) is **GRANTED** and Plaintiffs' Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.[7]

Dated: July 11, 2011                    s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge

---

[7] Keane has asked the Court to award him attorneys' fees and costs in connection with the instant Motion, but he has set forth no basis for the Court to do so. In any event, an application for fees and/or costs (if any) must be filed in accordance with District of Minnesota Local Rule 54.3.